1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA**
10
11

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.   2:22-cv-7096 |
| Plaintiff, | **CONSENT TO ENTRY OF FINAL JUDGMENT BY AMIT RAJ BERI** |
| vs. | |
| JOHNATHAN WILLIAM MIKULA, CHRISTIAN FERNANDEZ, AMIT RAJ BERI, SWAY ENERGY CORPORATION, AVTAR SINGH DHILLON, EMERALD HEALTH PHARMACEUTICALS INC., and JAMES M. DEMESA | |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONSENT                                      1

1      1.     Defendant Amit Raj Beri a/k/a Raj Beri ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

      2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)    permanently restrains and enjoins Defendant from violations of Sections 5, 17(a), and 17(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e, 77q(a), and 77q(b)] and Section 10(b) [15 U.S.C. §78j(b)] of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

        (b)    permanently restrains and enjoins Defendant from, directly or indirectly, participating in a paid promotional campaign unless an experienced securities lawyer ("Securities Counsel") reviews the arrangement and affirms in writing that the arrangement is consistent with applicable U.S. securities laws and regulations.  For purposes of this injunction, "Promotional Campaign" means an effort, the goal of which is to generate interest in any security by, directly or indirectly, publishing, giving publicity to, or circulating any form of written communication, whether electronic or hard copy, which, though not purporting to offer a security for sale, describes such security;

        (b)    orders Defendant to pay disgorgement in the amount of $960,314.96, plus prejudgment interest thereon in the amount of $38,979.24;

        (c)    orders Defendant to pay a civil penalty in the amount of $207,183

under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

(d)     prohibits Defendant, for ten (10) years following the entry of the Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3.     Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he, shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has

received and read a copy of the Final Judgment.

11.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that

the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil

1  Procedure and any applicable local rules, provided that the party requesting the

2  testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-

3  prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction

4  over Defendant in any United States District Court for purposes of enforcing any

5  such subpoena.

6       15.   Defendant agrees that the Commission may present the Final Judgment

7  to the Court for signature and entry without further notice.

8       16.   Defendant agrees that this Court shall retain jurisdiction over this matter

9  for the purpose of enforcing the terms of the Final Judgment.

10

11  Dated: September _12_, 2022

                                            Amit Raj Beri

12

13

14       On September _12_, 2022, Amit Raj Beri, a person known to me, personally

15  appeared before me and acknowledged executing the foregoing Consent.

     Australian Passport exp. 04/ Apr 2027

16

17  Notary Public State of Florida           Notary Public

   Juan Martinez

18  My Commission: HH 006829          Commission expires:

   Expires 06/04/2024

19

20  Approved as to form:

21

22  _____

23  David DeJute

   Michelman & Robinson, LLP

24  10880 Wilshire Blvd, 19th Floor

   Los Angeles, CA 90024

25  Attorney for Defendant

26

27

28

CONSENT                          7

Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: September ___, 2022          _____

                                                    Amit Raj Beri


        On September ___, 2022, Amit Raj Beri, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.


                                    Notary Public
                                    Commission expires:


Approved as to form:

_____
David DeJute
Michelman & Robinson, LLP
10880 Wilshire Blvd, 19th Floor
Los Angeles, CA 90024
Attorney for Defendant

CONSENT                                7