1   NINA MARINO, ESQ. (State Bar No. 142815)
2   JENNIFER LIESER, ESQ. (State Bar No. 313707)
    KAPLAN MARINO, PC
3   1546 N. Fairfax Ave.
    Los Angeles, CA 90046
4   Tel:    (310) 557-0007
    Fax:    (310) 861-1776
5   E-mail: marino@kaplanmarino.com
            lieser@kaplanmarino.com
6   Attorneys for Defendant
7   Jonathan William Mikula

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SECURITIES AND EXCHANGE          )   Case No. 22-cv-07096
    COMMISSION,                      )
12                                   )   **DEFENDANT JONATHAN**
                      Plaintiff,     )   **WILLIAM MIKULA'S**
13                                   )   **ANSWER TO PLAINTIFF**
                 v.                  )   **SECURITIES AND**
14                                   )   **EXCHANGE COMMISSION'S**
                                     )   **COMPLAINT**
15  JONATHAN WILLIAM MIKULA,         )
    CHRISTIAN FERNANDEZ, AMIT RAJ    )
16  BERI, SWAY ENERGY               )
    CORPORATION, AVTAR SINGH        )   DEMAND FOR JURY TRIAL
17  DHILLON, EMERALD HEALTH         )
    PHARMACEUTICALS INC., and       )
18  JAMES M. DEMESA,                )
                                     )
19                    Defendants.    )
20  ————————————————————————————)

21

22

23

24

25

26

27

28

Defendant Jonathan William Mikula, through his undersigned attorneys, answers the Complaint filed in this action by Plaintiff Securities and Exchange Commission ("SEC") as follows. Mikula reserves his right to later amend his Answers as necessary.

## JURISDICTION

1.     The Court's jurisdiction over this action is admitted.

2.     Answering Paragraph 2, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

3.     Paragraph 3 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Mikula summarily denies that venue is proper.

## SUMMARY

4.     Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

5.      Answering Paragraph 5, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

6.      Answering Paragraph 6, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

7.      Answering Paragraph 7, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

8.      Answering Paragraph 8, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

9.      Answering Paragraph 9, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

10.     Answering Paragraph 10, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

11.     Answering Paragraph 11, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

12.     Answering Paragraph 12, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

13.     Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

## **THE DEFENDANTS**

15.     Answering Paragraph 15, Mikula admits that he is a resident of Georgia, that he has twice entered into consent decrees without admitting or denying the allegations therein in federal court for alleged federal security law violations, and that he pled guilty to a violation of 18 U.S.C. §1001. Based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's remaining allegations, and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

16.     Answering Paragraph 16, Mikula is without sufficient information to form an opinion as to the truth or falsity of the allegations contained therein and therefore denies same. To the extent the allegations are directed at Mikula, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

17.     Answering Paragraph 17, without waiving his rights under the Fifth Amendment to the United States Constitution, Mikula admits the allegation.

18.     Answering Paragraph 18, without waiving his rights under the Fifth Amendment to the United States Constitution, Mikula admits the allegation.

19.     Answering Paragraph 19, without waiving his rights under the Fifth Amendment to the United States Constitution, Mikula admits that Dhillon is a Canadian citizen residing in California, and that he co-founded Emerald Health and served as president and chairman of its board until 2019. As to the phrase, "conduct described below," based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations. Mikula is without sufficient information to form an opinion as to the

truth or falsity of the remaining allegations contained therein and therefore denies same.

20.     Answering Paragraph 20, without waiving his rights under the Fifth Amendment to the United States Constitution, Mikula admits the allegation.

21.     Answering Paragraph 21, without waiving his rights under the Fifth Amendment to the United States Constitution, Mikula admits that DeMesa was a resident of Florida and the president and CEO of Emerald Health. As to the phrase, "conduct described below," based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

## RELATED ENTITIES AND INDIVIDUALS

22.     Answering Paragraph 22, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

23.     Answering Paragraph 23, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and

respectfully requests that the Court treat such invocation as a specific denial of the allegations.

24.     Answering Paragraph 24, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

## THE ALLEGATIONS

25.     Answering Paragraph 25, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

26.     Answering Paragraph 26, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

27.     Answering Paragraph 27, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

28.     Answering Paragraph 28, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

29.     Answering Paragraph 29, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

30.     Answering Paragraph 30, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

31.     Answering Paragraph 31, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

32.     Answering Paragraph 32, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

33.     Answering Paragraph 33, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

34.     Answering Paragraph 34, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

35.     Answering Paragraph 35, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

36.     Answering Paragraph 36, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

37.     Answering Paragraph 37, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

38.     Answering Paragraph 38, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

39.     Answering Paragraph 39, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

40.     Answering Paragraph 40, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

41.     Answering Paragraph 41, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations including its subparts.

42.     Answering Paragraph 42, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

43.     Answering Paragraph 43, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

44.     Answering Paragraph 44, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

45.     Answering Paragraph 45, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

46.     Answering Paragraph 46, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

47.     Answering Paragraph 47, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

48.     Answering Paragraph 48, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations including its subparts and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

49.     Answering Paragraph 49, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

50.     Answering Paragraph 50, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

51.     Answering Paragraph 51, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

52.     Answering Paragraph 52, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

53.     Answering Paragraph 53, without waiving his rights under the Fifth Amendment to the United States Constitution, Mikula admits the allegation.

54.     Answering Paragraph 54, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

55.     Answering Paragraph 55, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

56.     Answering Paragraph 56, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States

Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

57.    Answering Paragraph 57, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

58.    Answering Paragraph 58, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

59.    Answering Paragraph 59, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

60.    Answering Paragraph 60, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

61.     Answering Paragraph 61, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

62.     Answering Paragraph 62, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

63.     Answering Paragraph 63, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

64.     Answering Paragraph 64, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

65.    Answering Paragraph 65, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

66.    Answering Paragraph 66, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

67.    Answering Paragraph 67, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

68.    Answering Paragraph 68, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

MIKULA ANSWER AND AFFIRMATIVE DEFENSES TO SEC COMPLAINT

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

69. Answering Paragraph 69, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

70. Answering Paragraph 70, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

71. Answering Paragraph 71, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

72. Answering Paragraph 72, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

MIKULA ANSWER AND AFFIRMATIVE DEFENSES TO SEC COMPLAINT

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

73.     Answering Paragraph 73, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

74.     Answering Paragraph 74, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

75.     Answering Paragraph 75, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

76.     Answering Paragraph 76, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

MIKULA ANSWER AND AFFIRMATIVE DEFENSES TO SEC COMPLAINT

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

77.     Answering Paragraph 77, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

78.     Answering Paragraph 78, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

79.     Answering Paragraph 79, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

80.     Answering Paragraph 80, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

81.     Answering Paragraph 81, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

82.     Answering Paragraph 82, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

83.     Answering Paragraph 83, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

84.     Answering Paragraph 84, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

85.    Answering Paragraph 85, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

86.    Answering Paragraph 86, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

87.    Answering Paragraph 87, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

88.    Answering Paragraph 88, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

MIKULA ANSWER AND AFFIRMATIVE DEFENSES TO SEC COMPLAINT

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

89.     Answering Paragraph 89, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

90.     Answering Paragraph 90, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

91.     Answering Paragraph 91, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

92.     Answering Paragraph 92, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

93.    Answering Paragraph 93, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

94.    Answering Paragraph 94, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

95.    Answering Paragraph 95, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

96.    Answering Paragraph 96, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

MIKULA ANSWER AND AFFIRMATIVE DEFENSES TO SEC COMPLAINT

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

97.     Answering Paragraph 97, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

98.     Answering Paragraph 98, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

99.     Answering Paragraph 99, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

100.   Answering Paragraph 100, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

101.   Answering Paragraph 101, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

102.   Answering Paragraph 102, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

103.   Answering Paragraph 103, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

104.   Answering Paragraph 104, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

105.    Answering Paragraph 105, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

106.    Answering Paragraph 106, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

107.    Answering Paragraph 107, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

108.    Answering Paragraph 108, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations

and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

## FIRST CLAIM FOR RELIEF
### Fraud in Connection with the Purchase or Sale of Securities
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5(a) & (c)
### (against all Defendants)

109.    Answering Paragraph 109, Mikula restates and incorporates his answers to Paragraphs 1-108 of the Complaint as though fully set forth herein.

110.    Answering Paragraph 110, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

111.    Answering Paragraph 111, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

112.    Answering Paragraph 112, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

113.     Answering Paragraph 113, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

114.     Answering Paragraph 114, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

115.     Answering Paragraph 115, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

116.     Answering Paragraph 116, Mikula states that the allegations contained therein call for legal analysis and conclusion, to which Mikula is not qualified to respond. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's

allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

**SECOND CLAIM FOR RELIEF**
**Fraud in Connection with the Purchase or Sale of Securities**
**Violations of Section 10(b) of the Exchange Act and Rule 10b-5(b)**
**(against Mikula, Beri, Elegance, Emerald Health, and DeMesa)**

117.    Answering Paragraph 117, Mikula restates and incorporates his answers to Paragraphs 1-108 of the Complaint as though fully set forth herein.

118.    Answering Paragraph 118, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

119.    Answering Paragraph 119, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

120.    Answering Paragraph 120, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

121.    Answering Paragraph 121, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

122.    Answering Paragraph 122, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

123.    Answering Paragraph 123, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

124.    Answering Paragraph 124, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

125. Answering Paragraph 125, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

126. Answering Paragraph 126, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

127. Answering Paragraph 127, Mikula states that the allegations contained therein call for legal analysis and conclusion, to which Mikula is not qualified to respond. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

## <u>THIRD CLAIM FOR RELIEF</u>
### Fraud in the Offer or Sale of Securities
### Violations of Section 17(a)(1) and (3) of the Securities Act
### (against all Defendants)

128. Answering Paragraph 128, Mikula restates and incorporates his answers to Paragraphs 1-108 of the Complaint as though fully set forth herein.

129.     Answering Paragraph 129, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

130.     Answering Paragraph 130, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

131.     Answering Paragraph 131, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

132.     Answering Paragraph 132, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

133.    Answering Paragraph 133, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

134.    Answering Paragraph 134, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

135.    Answering Paragraph 135, Mikula states that the allegations contained therein call for legal analysis and conclusion, to which Mikula is not qualified to respond. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

## FOURTH CLAIM FOR RELIEF
### Fraud in the Offer or Sale of Securities
### Violations of Section 17(a)(2) of the Securities Act
### (against Mikula, Beri, Elegance, Merald Health, and DeMesa)

136.    Answering Paragraph 136, Mikula restates and incorporates his answers to Paragraphs 1-108 of the Complaint as though fully set forth herein.

137.    Answering Paragraph 137, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

138.    Answering Paragraph 138, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

139.    Answering Paragraph 139, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

140.    Answering Paragraph 140, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

141.     Answering Paragraph 141, Mikula states that the allegations contained therein call for legal analysis and conclusion, to which Mikula is not qualified to respond. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

## FIFTH CLAIM FOR RELIEF
**Nondisclosure of Compensation for Touting Stock**
**Violations of Section 17(b) of the Securities Act**
**(against Mikula)**

142.     Answering Paragraph 142, Mikula restates and incorporates his answers to Paragraphs 1-108 of the Complaint as though fully set forth herein.

143.     Answering Paragraph 143, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

144.     Answering Paragraph 144, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

145.     Answering Paragraph 145, Mikula states that the allegations contained therein call for legal analysis and conclusion, to which Mikula is not qualified to respond. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

## SIXTH CLAIM FOR RELIEF
### Aiding and Abetting
### Violations of Section 17(b) of the Securities Act
### (against Fernandez, Beri, and Dhillon)

146.     Answering Paragraph 146, Mikula hereby incorporates by reference his responses to the allegations in paragraphs 1 through 108 of the Complaint.

147.     Answering Paragraph 147, a response is not required as the Claim is not directed at Mikula. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

148.     Answering Paragraph 148, a response is not required as the Claim is not directed at Mikula. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines

to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

149.    Answering Paragraph 149, a response is not required as the Claim is not directed at Mikula. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

150.    Answering Paragraph 150, a response is not required as the Claim is not directed at Mikula. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

151.    Answering Paragraph 151, a response is not required as the Claim is not directed at Mikula. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

152.    Answering Paragraph 152, Mikula states that the allegations contained therein call for legal analysis and conclusion, to which Mikula is not qualified to respond. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

**SEVENTH CLAIM FOR RELIEF**
**Unregistered Offer and Sale of Securities**
**Violations of Section 5(a) and 5(c) of the Securities Act**
**(against Elegance and Beri)**

153.    Answering Paragraph 153, Mr. Mikula hereby incorporates by reference his responses to the allegations in paragraphs 1 through 108 of the Complaint.

154.    Answering Paragraph 154, a response is not required as the Claim is not directed at Mikula. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

155.    Answering Paragraph 155, a response is not required as the Claim is not directed at Mikula. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth

Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

156.     Answering Paragraph 156, Mikula states that the allegations contained therein call for legal analysis and conclusion, to which Mikula is not qualified to respond. To the extent a response is deemed required, based on the advice of counsel, Mikula respectfully invokes his rights under the Fifth Amendment to the United States Constitution against self-incrimination, declines to answer the SEC's allegations and respectfully requests that the Court treat such invocation as a specific denial of the allegations.

## **AFFIRMATIVE DEFENSES**

In addition to the foregoing denials, Mikula alleges and asserts the following defenses. By pleading these defenses, Mikula does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to the SEC or some other party. No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to the SEC's allegations. Mikula asserts the following affirmative defenses without waiving his rights under the Fifth Amendment to the United States Constitution.

//

//

## FIRST DEFENSE

### (Failure to State a Claim)

The SEC's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Good Faith)

The SEC's claims against Mikula are barred, in whole or in part, because Mikula acted in good faith and in the belief that his conduct conformed with all applicable laws and regulations at all material times.

## THIRD DEFENSE

### (Lack of Causation/Failure to Plead/Meet All Elements of the Offense)

The SEC's claims against Mikula are barred, in whole or in part, due to a lack of causation between Mikula's publication of the Reg. A offerings and his alleged receipt of a benefit(s) of any kind.

## FOURTH DEFENSE

### (Failure to Plead/Meet All Elements of the Offense)

The SEC's Section 17(b) claim is barred, in whole or in part, because the SEC has failed to plead all of its essential elements by failing to allege facts that Mikula published articles "for consideration received" from the issuers.

//

//

**FIFTH DEFENSE**

**(Failure to Plead/Meet All Elements of the Offense)**

The SEC's claims against Mikula are barred, in whole or in part, to the extent that the underlying facts of the claims lack an offer or sale of securities in interstate commerce.

**SIXTH DEFENSE**

**(Failure to Plead with Particularity)**

The SEC's claims are barred, in whole or in part, because the SEC has failed to plead allegations of fraud with the particularity required pursuant to Federal Rule of Civil Procedure 9(b).

**SEVENTH DEFENSE**

**(Claims as Violative of First Amendment)**

The SEC's claims are barred, in whole or in part, as violative of the First Amendment.

**EIGHTH DEFENSE**

**(Failure to Plead Scienter for 17(b))**

The SEC's Section 17(b) claim is barred because the SEC should be required to plead scienter as an element of its anti-touting allegation.

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINTH DEFENSE

### (Lack of Requisite Mental State)

The SEC's claims and any remedies sought are barred or reduced, in whole or in part, because Mikula did not act with the requisite mental state with respect to any of the alleged violations at issue.

## TENTH DEFENSE

### (Recklessness Insufficient for Scienter)

For the SEC's claims requiring proof of scienter, evidence of recklessness is insufficient to satisfy the scienter requirement and those claims are therefore barred.

## ELEVENTH DEFENSE

### (Acts or Omissions of Others)

The SEC's claims are barred, in whole or in part, to the extent they are based on the acts or omissions of other parties and/or other defendants.

## TWELFTH DEFENSE

### (Lack of Materiality/No Damages)

The SEC's claims against Mikula are barred, in whole or in part, because any of the alleged misstatements, misrepresentations and/or omissions are not material and/or did not have any material effect on any investor's decision to purchase the Reg. A offerings and/or result in any damages as a result of any

alleged acts or omissions committed by Mikula or purportedly chargeable to Mikula.

## **THIRTEENTH DEFENSE**

### **(Consistency with Industry Standards)**

The SEC's claims against Mikula are barred because Mikula's actions were consistent with industry and regulatory standards.

## **FOURTEENTH DEFENSE**

### **(Appropriate Business Judgement)**

The SEC's claims against Mikula are barred because Mikula exercised appropriate business judgment and his actions were always consistent with appropriate business judgement.

## **FIFTEENTH DEFENSE**

### **(Any Damages Not Caused by Mikula)**

Any alleged damages or loss were the direct and proximate result of one or more independent, unforeseeable, and superseding causes that were outside of Mikula's control.

## **SIXTEENTH DEFENSE**

### **(Any Damages Caused by Others)**

Any alleged damages or loss were caused by the failure of others to exercise due diligence and/or professional competence.

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTEENTH DEFENSE**

**(Indemnity of Mikula)**

Any alleged damage or loss are ones for which Palm Beach Research Group of Common Sense Publishing, LLC, a subsidiary of Market Wise, Inc. must indemnify and protect Mikula.

**EIGHTEENTH DEFENSE**

**(Equal Protection)**

There has been an intentional or deliberate decision by public officials not to enforce statutes and regulations against a class of violators expressly included within the terms of the regulation constituting a denial of the constitutional guarantee of equal protection under the laws.

**NINTEENTH DEFENSE**

**(Equal Protection)**

While not admitting any of the allegations, others similarly situated to Mikula have not generally been proceeded against for conduct of the type forming the basis of the claims against Mikula, such that he has been singled out for prosecution, violating fairness and the Equal Protection Clause of the U.S. Constitution.

//

//

//

## TWENTYTH DEFENSE

### (Reliance on Arbitrary and Capricious Factors)

In bringing claims against Mikula, while not bringing claims against other similarly situated to Mikula, the SEC has relied upon arbitrary and capricious factors which Congress has not intended it to consider as distinctions within the enforcement process.

## TWENTY-FIRST DEFENSE

### (Violations of Excessive Fines Clause)

The SEC's claims for relief seeking disgorgement and civil monetary penalties violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. Seeking disgorgement and punitive civil penalties for the same conduct is duplicative, grossly disproportional to the alleged conduct, and excessive in contravention of the Eighth Amendment.

## TWENTY-SECOND DEFENSE

### (Limitation of Relief for Conduct Beyond Statute of Limitations)

The SEC's claims and any remedies sought are barred or reduced, in whole or in part, to the extent that the SEC seeks relief beyond the applicable statute of limitations or statutes of repose.

//

//

//

## **TWENTY-THIRD DEFENSE**

### **(No Violations of Securities or Exchange Act and No Future Violation of Securities or Exchange Act)**

The SEC's claims for injunctive relief are barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any alleged violation will be repeated. The SEC's injunctive relief claims is further barred because the adverse effects of an injunction far outweigh any benefit.

## **TWENTY-FOURTH DEFENSE**

### **(Unintentional Violation/No Support for Penalty)**

The SEC's claim for penalties is barred because any alleged violation was unintentional; there was no harm caused, and/or any alleged harm is insufficient to warrant a penalty; the lack or degree of scienter does not support a penalty; Mikula acted in good faith and has cooperated with the investigation to date; and it would be fundamentally unfair to impose penalties on Mikula in light of the lack of fair notice that his conduct violated the law.

## **TWENTY-FIFTH DEFENSE**

### **(No Violation of Securities or Exchange Act)**

The SEC's claims to bar Mikula's involvement in a Promotional Campaign related to any security is barred because, inter alia, there has been no violation of the Securities Act or the Exchange Act.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-SIXTH DEFENSE

### (No Violation of Securities or Exchange Act)

The SEC's claims as they relate to Hightimes and Cloudastructure are barred because a Securities Act or Exchange Act violation is not alleged.

## TWENTY-SEVENTH DEFENSE

### (Improper Venue)

Venue is not proper in this Court because Mikula is neither present in this jurisdiction, nor had he caused any part of the allegations or transactions to occur in this district.

## TWENTY-EIGTH DEFENSE

### (Uncertainty)

The SEC's allegations are vague, uncertain and unclear as to Mikula's alleged involvement in the alleged violations of the Securities and Exchange Act.

## TWENTY-NINTH DEFENSE

### (Denial of All Allegations not Expressly Admitted)

Mikula denies all allegations not expressly admitted.

## THIRTIETH DEFENSE

### (Reservation of Rights)

Mikula presently has insufficient knowledge or information regarding whether he may have additional, as yet un-asserted defenses, and reserves the right to assert additional affirmative defenses as discovery and investigation proceed.

## THIRTY-FIRST DEFENSE

### (Award of Attorneys' Fees)

Mikula has been required to retain the services of Kaplan Marino to defense this action and reasonable attorneys' fees and costs of suit herein incurred should be awarded.

## PRAYER FOR RELIEF

WHEREFORE, Mikula prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Mikula;

2.     That SEC take nothing by way of the Complaint from Mikula;

3.     That Mikula be awarded his costs of suit incurred in the defense of this action, including reasonable attorney's fees pursuant to the Equal Access to Justice Act (or as otherwise authorized); and

4.     For such further and other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Mikula hereby demands a jury on any and all issues so triable.

//

//

//

//

Dated: April 10, 2023                        Respectfully submitted,


                                        By:   */s/ Nina Marino*
                                              NINA MARINO
                                              JENNIFER LIESER

                                              Attorneys for Defendant
                                              Jonathan William Mikula