1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:22-cv-07096-SB-E |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| JONATHAN WILLIAM MIKULA, *et al.*, | |
| Defendants. | |

The Court, having considered the stipulation among Plaintiff Securities and Exchange Commission ("SEC"), Defendant Jonathan William Mikula ("Mikula"), and Defendant Christian Fernandez ("Fernandez"), for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) and for good cause shown, hereby ORDERS as follows:

A. GOOD CAUSE STATEMENT

This action is likely to involve valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, private and confidential investor information—including personal identifiable information—reflected in records pertaining to the issuance of securities, and/or confidential business or personal financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

In particular, to comply with its discovery obligations the SEC intends to produce financial information, records, and related documents ("Investigation Materials") which the SEC obtained while investigating the conduct alleged in the Complaint. The Investigation Materials contain personal identifying information, including home addresses, Social Security numbers, bank account data, and dates of birth of numerous individuals and entities, including numerous investors and other individuals and entities who are not parties to this action. The Investigation Materials to be produced may be subject to various federal laws protecting the privacy of financial records and personal identifiable information, including provisions of the Privacy Act, 5 U.S.C. § 552a. Because this information is voluminous and pervasive,

redacting each document is impracticable and would unduly delay the production of discovery.

Accordingly, to expedite the flow of information, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, good cause for a protective order for such information exists.

B. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties acknowledge that this protective order does not alter or amend the applicability of the provisions of Federal Rule 5.2 and Local Rules 5.2-1 and 5.2-2. The parties further acknowledge that entry of the protective order does not create an entitlement or an obligation to file confidential information under seal. Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

C. PRODUCTION AND DESIGNATION OF CONFIDENTIAL INFORMATION

Subject to this protective order, the SEC may produce the Investigative Materials to Defendants without redaction. If the SEC determines that materials to be produced in discovery contain the above-described confidential information, including personal identifiable information, the SEC shall apply the following designation on the documents, on a disc cover, or in an accompanying cover letter or email: "CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

D. PROTECTION OF CONFIDENTIAL INFORMATION

Defendants and their counsel may use documents and information containing confidential information only for the purposes of defending this action, and may not disclose the documents to non-parties, except as needed for the defense of the case, and only if the non-party agrees, in writing, to be bound by the terms of this protective order prohibiting the disclosure of the documents, or the confidential

information contained therein, to other third parties. Notwithstanding this limitation, this Protective Order shall not limit Defendants' ability to provide information to a government agency in response to a lawful request.

Within 90 days of the conclusion of this action, Defendants and their counsel shall destroy all documents containing confidential information.

For purposes of this stipulation and the proposed protective order, "counsel" includes any attorney, paralegal, support staff, retained expert, or vendor assisting counsel of record assisting Defendants in this action.

### E. LIMITATIONS

Notwithstanding any other provision contained herein, this protective order shall not limit or otherwise abrogate the ability and authority of the SEC to (1) use, disclose, or retain any materials to the extent required by law; and/or (2) use or disclose any materials in a manner consistent with Section H of SEC Form 1662 (the "Routine Uses of Information").

Notwithstanding any other provision contained herein, this protective order shall not limit the use of the Investigation Materials in a deposition taken in this action.

This protective order does not govern the use of the Investigation Materials at trial. Any use of the Investigation Materials at trial shall be governed by the orders of the trial judge.

IT IS SO ORDERED.

Date: 5/19/2023

/s/ Charles F. Eick
_____
HON. CHARLES F. EICK
United States Magistrate Judge